UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REDSTAR ENTERTAINMENT, LLC, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 18-11127-DJC ) |
| SENTINEL INSURANCE CO., LTD., | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                    March 11, 2019

**I.**      **Introduction**

Plaintiff Redstar Entertainment, LLC ("Redstar") has filed this lawsuit against Defendant Sentinel Insurance Co., LTD. ("Sentinel") seeking, *inter alia*, to recover multiplied damages under Mass. Gen. L. c. 93A §§ 2 and 11 for unfair and deceptive business acts or practices, specifically violations of Mass. Gen. L. c. 176D ("Count II"). D. 1. Sentinel has moved to dismiss Count II. D. 7. For the reasons discussed below, the motion to dismiss is ALLOWED without prejudice.

**II.**      **Standard of Review**

To decide a motion to dismiss for failure to state a claim, the Court must determine if the well-pled facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). "The plaintiff need not demonstrate [it] is likely to prevail" at this stage, only that its claims are facially plausible. Garcia- Catalán v. United States, 734 F.3d 100, 102 (1st Cir. 2013). Plausible means "more than a sheer possibility," and

permits the Court to incorporate a contextual analysis of the facts. Id. at 102-03 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). This determination requires a two-step inquiry. Id. at 103. First, the Court must distinguish the factual allegations from the conclusory legal allegations in the complaint. Id. Second, taking plaintiff's allegations as true, the Court should be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678); Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 11 (1st Cir. 2011). The Court is not required to accept as true any legal conclusions. Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## III. Factual Allegations

Unless otherwise noted, these facts are as alleged in the complaint, D. 1, and the Court accepts them as true for the purposes of deciding the pending motion.

Plaintiff Redstar is a Delaware limited liability company registered with the Commonwealth of Massachusetts having its principal place of business in Cambridge, Massachusetts. D. 1 ¶ 1. Defendant Sentinel is a Connecticut corporation. Id. ¶ 2. Sentinel was the insurer for Redstar's Cambridge, Massachusetts property from February 23, 2015 to February 23, 2016. Id. ¶ 5. On August 15, 2015, Redstar's property sustained significant damages from a fire. Id. ¶ 6.

Sentinel adjusted all claims resulting from the fire to Redstar's satisfaction except for Redstar's claim for Tenant's Improvements and Betterments ("TIB"). Id. ¶ 7. The parties' disagreement over the TIB claim forms the basis of this lawsuit. Id. ¶¶ 12 *et seq.*

**IV.	Procedural History**

On May 30, 2018, Redstar initiated this action against Sentinel on two counts: a breach of contract claim (Count I) and the chapter 93A claim (Count II). D. 1. On December 10, 2018, Sentinel moved to dismiss Count II only for failure to state a claim. D. 7. The Court heard oral argument on the motion and took the matter under advisement. D. 11.

**V.	Discussion**

Sentinel urges the Court to dismiss Redstar's Count II because commercial plaintiffs may not make a claim under chapter 93A § 11 that is premised on a *per se* violation of chapter 176D. D. 7. The Court agrees that a plaintiff does not have a cause of action under chapter 93A § 11 based solely on violations of chapter 176D as alleged here and dismisses Count II without prejudice.

Sentinel primarily supports its argument with three cases, Polaroid Corp. v. Travelers Indemnity Co., 414 Mass. 747 (1993), Jet Line Servs., Inc. v. American Employers Ins. Co., 404 Mass. 706 (1989) and Kiewit Construction Co. v. Westchester Fire Ins. Co., 878 F. Supp. 298 (D. Mass. 1995). D. 7. All three involve similar sets of facts as here; plaintiffs were commercial entities seeking recovery from insurers under chapter 93A.

Polaroid discussed the interplay between chapter 176D and chapter 93A at length. Polaroid, 414 Mass. at 753-755. The court in Polaroid outlined the distinction between chapter 93A § 9 and chapter 93A § 11. Id. at 754. "A consumer asserting a claim under G.L. c. 93A, § 9, may recover for violations of G.L. c. 176D, § 3, cl. 9, without regard to whether the violation was unlawful under G.L. c. 93A, § 2, because of the explicit statement to that effect in § 9. [Plaintiff], however, asserts rights under G.L. c. 93A, § 11, as one engaged in trade or commerce, and § 11 does not grant an independent right to recover for violations of G.L. c. 176D, § 3, cl. 9." Id. (citing

3

Jet Line, 404 Mass. at 717 n.11); see Jet Line, 404 Mass. at 717 n.11 (noting that "Jet Line's G.L. c. 93A claim is made under § 11 (concerning the rights of one who engages in the conduct of a trade or business), and that § 11 does not incorporate violations of G.L. c. 176D, § 3 (9) (1986 ed.), within its prohibitions as does G.L. c. 93A, § 9").

In light of the Supreme Judicial Court's rulings in Polaroid and Jet Line on the absence of a statutory provision in chapter 93A § 11 claim for a *per se* violation of chapter 176D, at least one court in this district has addressed a claim similar to Redstar's. In Kiewit, the court laid out three options for an entity engaged in trade or commerce to assert a chapter 93A claim against an insurer that had allegedly used unfair claims settlement practices. Kiewit, 878 F. Supp. at 301. The three options are as follows: 1) proceed under chapter 93A § 9 with its explicit incorporation of chapter 176D violations; [1] 2) proceed under chapter 93A § 11 "based on a theory that 93A in effect incorporates 176D, with the result that any practice which violates 176D constitutes a *per se* violations of Section 2 of 93A;" and/or 3) proceed under chapter 93A § 11 because the practices alleged, independent of chapter 176D, violate chapter 93A § 2 as unfair or deceptive. Id. The plaintiff in Kiewit pursued the second and third approaches in two separate counts. Id. Following Polaroid and Jet Line, the court dismissed plaintiff's count III, which took the second approach. Id. at 302. The court declined to dismiss count IV, which took the third approach. Id. (noting that "[s]ince Section 11 permits commercial plaintiffs to sue for injury resulting from violations of Section 2, it follows that plaintiffs . . . may assert claims against their insurers under Section 11").

Redstar has pursued the second approach laid out in Kiewit and thus Count II must be dismissed as currently alleged. Redstar seems to recognize the distinction between the two approaches, writing in its opposition brief that "[w]hile it is true that a Section 11 plaintiff does

---

[1] Redstar, as an entity engaged in trade or commerce, would not be able to bring suit under § 9. Mass. Gen. Laws c. 93A, § 9; see Kiewit, 878 F. Supp. at 301.

not have an independent right to recover under G.L. c.176D §3(9) this does not mean that [a plaintiff] cannot base its G.L.c.93A §2 claim on acts considered violations of G.L. c.176D." D. 9. Redstar's complaint as alleged, D. 1, however, belies that apparent recognition. Redstar's Count II concludes with:

> 25. A violation of the provisions of G.L. c. 176D, as cited above, constitutes a per se violation of G.L. c. 93A. These violations were both willful and knowing in that Sentinel continues to maintain its position even after it was advised that the position is not support by the Policy wordings.
>
> 26. By its actions as described within the preceding paragraphs the Insurer violated the provisions of G.L. c. 176D § 3 (9) and, as a consequence, has violated the provisions of G.L. c. 93A § 11.

D. 1. Count II also includes no allegations that Sentinel's conduct violated chapter 93A § 2, merely a mention that both parties are covered by the section. Id.

In dismissing Count II, the Court acknowledges, as both parties did at the hearing on the motion, that amendment would not be futile. The Court, therefore, will allow amendment of Redstar's complaint.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS the motion to dismiss Count II, D. 7, without prejudice. If Plaintiff seeks to amend Count II consistent with this Order and cited caselaw, it must do so by March 25, 2019.

**So Ordered.**

/s/ Denise J. Casper<br>
United States District Judge